UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NED HANNER,

    Petitioner,

v.                                                Case No. 8:12-cv-1599-T-23TGW

SECRETARY, Department of Corrections,

    Respondent.
_____/

**O R D E R**

    Hanner petitions for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his 1982 state convictions for three counts of sexual battery and one count of burglary, for which he serves a total of ninety years. The petition is both time-barred and successive. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."), and *Jackson v. Sec'y, Dep't of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002) (holding that a district court possesses discretion to *sua sponte* raise the issue of the timeliness of a Section 2254 petition for habeas corpus).

    The Anti-Terrorism and Effective Death Penalty Act created a limitation for a Section 2254 petition for the writ of habeas corpus. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody

pursuant to the judgment of a State court.  The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ."  28 U.S.C. § 2244(d)(1)(A).  Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

Hanner's conviction was final in 1983, prior to the enactment of these provisions.  Hanner's limitation started when the limitation provision was enacted, April 24, 1996, *Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1211 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000), and expired one year later absent tolling for a state post-conviction proceeding.  Hanner timely filed no state post-conviction petition to toll the limitation.

Recognizing the limitations bar, Hanner asserts that he is actually innocent of one of the sexual battery convictions.  Actual innocence is not a separate claim that challenges the conviction, but a "gateway" through which a defendant may pass to assert a constitutional challenge to the conviction.  In other words, actual innocence is a gateway that permits the review of time-barred or procedurally barred federal claims. Passing through the gateway is difficult because "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy

eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The new evidence must show that, in fact, Hanner did not commit the offense. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). And the new evidence must compel a finding of not guilty. "A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." *House v. Bell*, 547 U.S. 518, 538 (2006).

Hanner's actual innocence is not based on newly discovered evidence. Hanner contends that he is actually innocent of one sexual battery because the two sexual batteries were part of the same criminal episode with the same victim. In 2002 this argument was rejected when the state court denied Hanner's motion to correct an illegal sentence. The state court found as follows (Doc. 1 at 36):

> There is no dispute the sexual battery offenses occurred in the same location with the same victim. However, the victim testified in both her deposition and at trial that Defendant committed two sexual batteries upon her person. Although the time frame seems continuous, the Court finds there was a temporal break in the offenses to justify two separate sexual battery offenses.

In 2010 the state court rejected both Hanner's double jeopardy and his fundamental error arguments, which he asserted in an untimely and successive motion for post-

conviction relief under state Rule 3.850. (Doc. 1 at 19-20) Consequently, Hanner's actual innocence argument is neither based on newly discovered evidence nor timely asserted within one year of its "discovery" nor factually accurate.

Even if Hanner could pass through the actual innocence gateway, Hanner is precluded from pursuing a second or successive petition without permission from the Eleventh Circuit Court of Appeals. Hanner's Section 2254 petition in 8:88-cv-743-T-17 was denied and a later petition in 8:93-cv-581-T-25 was dismissed. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *Felker v. Turpin*, 518 U.S. 651, 664 (1996); *Dunn v. Singletary*, 168 F.3d 440, 442 (11th Cir. 1999). This court lacks jurisdiction to review Hanner's petition until the circuit court grants Hanner permission to file a second or successive petition. *Burton v. Stewart*, 549 U.S.147, 157 (2007) ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it.").

Accordingly, the petition for the writ of habeas corpus (Doc. 1) is **DISMISSED** as both time-barred and second or successive without permission for the circuit court. The clerk shall close this case.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL IN FORMA PAUPERIS

Hanner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Section 2253(c)(2) limits the issuing of a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Hanner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the petition is clearly time-barred, Hanner cannot meet *Slack*'s prejudice requirement. 529 U.S. at 484. Finally, because Hanner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to proceed *in forma pauperis* on appeal is **DENIED**. Hanner must pay the full $455 appellate filing fee without installments unless the circuit court allows Hanner to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on July 26, 2012.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE